IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| ANTHONY S. BUDA, individually, BANYAN MEDICAL SYSTEMS, LLC, a Nebraska limited liability company, BANYAN HOLDCO I, INC., a Nebraska corporation, BANYAN HOLDCO II, INC., a Nebraska corporation, BANYAN MEDICAL SERVICES, INC., a Nebraska corporation, BANYAN MEDICAL SOLUTIONS, LLC, a Nebraska limited liability company, BANYAN CAPITAL I, LLC, a Nebraska limited liability company, BANYAN CAPITAL II, LLC, a Nebraska limited liability company, SYNCONIUM, LLC, a Delaware limited liability company, BANYAN PLACEHOLDER, INC., f/k/a BANYAN MEDICAL SOLUTIONS, INC., a Nebraska Corporation, and BMS AVIATION, LLC, a Delaware Corporation | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 8:26–CV–99 |
| Plaintiffs, | )<br>) |  |
| vs. | )<br>) | **BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b) AND FED. R. CIV. P. 12(b)(6)** |
| RYAN SCOTT, individually, RES VENTURES, SEZC, an entity organized under the laws of the Cayman Islands, OCT VENTURES, LLC, d/b/a/ ELEVATE HOLDINGS, a Nebraska limited liability company, RMR CAPITAL ADVISORS, LLC, a Nebraska limited liability company, QV FUND I, LLC, a Nebraska limited liability company, ELEVATE RECOVERY AND MED SPA, LLC, a Nebraska limited liability company, ELEVATE STRETCH AND CYRO, LLC, a Nebraska limited liability | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |  |

1

company, JIGSAW CAPITAL, LLC, a )
Nebraska limited liability company, )
JIGSAW RED HOLDINGS, LLC, a )
Nebraska limited liability company, )
JRNR LLC, a Nebraska limited )
liability company, GREENTOPS, LLC, )
a Missouri limited liability company, )
GREENSTONE INVESTMENTS, LLC, )
a Nebraska limited liability company, )
INLINE CAPITAL PARTNERS, LLC, )
a Nebraska limited liability company, )
SFFS MASTER HOLDINGS, LLC, a )
Nebraska limited  liability company, )
MVPA, LLC, a Nebraska  limited )
liability company, MED VENTURES, )
LLC, a Nebraska limited liability )
company, IA NE CONCRETE PULL N )
POUR LLC, a Nebraska limited )
liability company, CATALYSTWAVE )
CAPITAL PARTNERS, LLC, a )
Nebraska limited liability company, )
CATALYST GROWTH PARTNERS, )
LLC, a Nebraska limited liability )
company, PRIMEPATH TRUCKING )
AND LOGISTICS, LLC, a Nebraska )
limited liability company, )
QUANTUM VENTURES, LLC, a )
Nebraska  limited liability company, )
BANYAN CAPITAL I, LLC, a )
Nebraska limited liability company, )
PRIVADO, LLC, a Nebraska limited )
liability company, ALPINE DRONES )
MEDIA, LLC, an Idaho limited )
liability company, )
 )
and, )
PRESENTLY UNKNOWN )
JANE/JOHN DOES 1-25 )
 )
            Defendants. )

2

## I.    INTRODUCTION

Defendant Ryan Scott ("Scott") respectfully submits the following brief in support of his Motion to Dismiss the Complaint, Filing No. 1. The Complaint alleges two distinct causes of action: (1) a substantive Racketeer-Influence and Corrupt Organizations Act ("RICO") claim pursuant to 18 U.S.C. § 1961, and (2) a RICO conspiracy claim pursuant to 18 U.S.C. § 1962(d). However, for the reasons set forth below, both of these RICO claims fail to plausibly plead causes of action—especially under the heightened pleading standard required for such claims by Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Scott respectfully moves for this Honorable Court to dismiss Plaintiffs' Complaint.

## II.    BACKGROUND[1]

According to Plaintiffs' Complaint, Banyan Medical Systems, LLC ("Banyan"), is a privately held healthcare technology company based in Omaha, Nebraska, with Anthony S. Buda as its founder and CEO. The Complaint alleges that Defendant Scott served in various executive roles at Banyan, such as Chief Financial Officer, general counsel, and acting Chief Executive Officer, including during a period of time when Mr. Buda was not involved in day-to-day operations.

---

[1] Because courts are required to accept the factual allegations contained in a plaintiff's complaint as true for purposes of ruling on a Rule 12(b)(6) Motion to Dismiss, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the following background information is taken from the filings available on the docket including the face of Scott's Motion to Dismiss. Scott includes this background information here for purposes of this Motion only and neither concedes the accuracy nor validity of the allegations Plaintiffs make in their Complaint.

Plaintiffs generally allege that during his tenure at Banyan, Scott engaged in a series of unauthorized acts that caused harm. These include the alleged misappropriation of company funds, the creation of unauthorized bank accounts, the use of a signature stamp to execute documents, and the entry into contracts purportedly without proper authorization. According to Plaintiffs, Scott's actions resulted in the loss of business relationships and financial harm to Banyan and related entities.

In furtherance of their RICO claims, however, Plaintiffs have also named 24 other categories of Defendants in addition to Scott. But, unlike Scott, references to these 24 other defendants are fleeting, non-descript, and conclusory in nature. The only occasions in the Complaint where the 24 other defendants are mentioned are either in jurisdiction statements (*see* Filing No. 1 at ¶¶13–35) or at the back-end of the Complaint where the defendants are perfunctorily lumped together in a single paragraph for purposes of alleging against whom the RICO claims are brought against (*see* Filing No. 1 at ¶¶81, 87, 88). The following chart illustrates the point:

| Defendant's Name | Paragraphs of the Complaint where this Defendant is Referenced |
| --- | --- |
| 1. Ryan Scott | 12, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79, 81, 87, 88 |
| 2. Res Ventures, SECZ | 13, 81, 87 |
| 3.Oct Ventures, LLC, d/b/a Elevate Holdings | 14, 81, 87 |
| 4. RMR Capital Advisors, LLC | 15, 81, 87 |
| 5. QV Fund I, LLC | 16, 81, 87 |
| 6. Elevate Recovery and Med Spa, LLC | 17, 81, 87 |
| 7. Elevate Stretch and Cyro, LLC | 18, 81, 87 |
| 8. Jigsaw Capital, LLC | 19, 81, 87 |
| 9. Jigsaw Red Holdings, LLC | 20, 81, 87 |

4

| 10. JRNR, LLC | 21, 81, 87 |
|---|---|
| 11. Greentops, LLC | 22, 81, 87 |
| 12. Greenstone Investments, LLC | 23, 81, 87 |
| 13. Inline Capital Partners, LLC | 24, 81, 87 |
| 14. SFFS Master Holdings, LLC | 25, 81, 87 |
| 15. MVPA, LLC | 26, 81, 87 |
| 16. Med Ventures, LLC | 27, 81, 87 |
| 17. IA NE Concrete Pull N Pour, LLC | 28, 81, 87 |
| 18. Catalystwave Capital Partners, LLC | 29, 81, 87 |
| 19. Catalyst Growth Partners, LLC | 30, 81, 87 |
| 20. Primepath Trucking and Logistics, LLC | 31, 81, 87 |
| 21. Quantum Ventures, LLC | 32, 81, 87 |
| 22. Banyan Capital I, LLC[2] | 33, 81, 87 |
| 23. Privado, LLC | 34, 81, 87 |
| 24. Alpine Drones Media, LLC | 35, 81, 87 |
| 25. Presently Unknown Jane/John Does 1-25 | 81, 88 |

Plaintiffs seek damages in excess of $73.9 million, as well as treble damages, attorney's fees, and other relief under RICO. Additional background information relevant to the resolution of this Motion is included below.

## III.    DISCUSSION

### A. Applicable Standards

In order for Plaintiffs to survive this Rule 12(b)(6) Motion, their Complaint "must contain sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states 'a claim to relief that is plausible on its face.'" *Combined Aircraft Ownership, LLC v. Learjet, Inc.*, No. 23-2692 (8th Cir. Jun. 4, 2024) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  However, because the only claims brought in this case are RICO claims,

---

[2] "Banyan Capital I, LLC" is listed in the Complaint as *both* a Plaintiff and a Defendant. *Compare* Filing No. 1 at ¶ 7 *with* Filing No. 1 at ¶33.

5

Plaintiffs' Complaint is also subject to Federal Rule of Civil Procedure 9(b)'s more onerous standard of pleading "with particularity." *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) ("A RICO claim must be pleaded with particularity under Rule 9(b)"); *accord Brunken v. Parish*, No. 8:22–CV–227, 2022 U.S. Dist. LEXIS 211759, at *13 (D. Neb. Nov. 22, 2022) (Buescher, J.). "This particularity requirement demands a higher degree of notice than that required for other claims. The claim must identify who, what, where, when, and how." *United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). Thus, the mere invocation of "phrases such as 'ongoing scheme,' 'pattern of racketeering,' and 'participation in a fraudulent scheme,' without more . . . are insufficient to form the basis of a RICO claim." *Crest Constr. II, Inc.* 660 F.3d at 356.

To go forward on their substantive RICO claim alleged in Count I, Plaintiffs must plead the following four elements *with particularity*: "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity.'" *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003) (quoting *United Healthcare Corp. v. Amer. Trade Ins. Co.* 88 F.3d 563, 570 (8th Cir. 1996)). The failure to sufficiently plead any one of these elements dooms a RICO claim. *Crest Const. II, Inc.*, 660 F.3d at 355. To go forward on their RICO conspiracy, claim in Count II, Plaintiffs "must not only prove the elements of a RICO violation but also that [Scott] 'objectively manifested an agreement to participate . . . in the affairs of [the] enterprise." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017).

6

## B. Analysis

"When facing a motion to dismiss, threadbare recitations of the elements of a RICO claim, 'supported by mere conclusory statements, do not suffice.'" *Crest Const. II, Inc.*, 660 F.3d at 357 (quoting *Iqbal*, 556 U.S. at 678). Plaintiffs' Complaint is awash with allegations of wrongdoing against Scott—that much is true. But "RICO does not cover all instances of wrongdoing." *Crest Constr. II, Inc.* 660 F.3d at 353. Even putting Rule 9(b)'s particularity requirements aside for a moment, the Complaint fundamentally fails to plausibly plead facts demonstrating the existence of an enterprise and Defendant Scott's association with the enterprise. The Complaint also separately fails to plead the alleged predicate acts that have been alleged with particularity and that these acts constitute a pattern of racketeering activity as required by Rule 9(b). Any one of these deficiencies is sufficient to fatally undermine Plaintiffs' Complaint on a Rule 12(b)(6) Motion, *Crest Const. II, Inc.*, 660 F.3d at 355., but Scott will address them each individually below.

### 1. *Plaintiffs Fail to Plausibly Plead the Existence of an Enterprise*

In order to establish the existence of an enterprise for RICO purposes, Plaintiffs must show "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering." *United States v. Lee*, 374 F.3d 637, 6457 (8th Cir. 2004).[3] Put differently, "[p]roving the existence of an enterprise requires evidence of an ongoing organization, formal or

---

[3] It is worth emphasizing that "[t]he existence of an enterprise is an element distinct from the pattern of racketeering activity and 'proof of one does not necessarily establish the other.'" *Crest Constr. II, Inc.*, 660 F.3d at 354 (quoting *Boyle v. United States*, 556 U.S. 938, 947 (2009)).

informal, and . . . evidence that the various associates function as a continuing unit." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1026 (8th Cir. 2008) (internal quotations omitted). Of the 25 categories of defendants who are named, and as the chart that was included in this brief *supra* illustrates, the Complaint alleges absolutely nothing of any real substance against anyone other than Scott. *See Crest Const. II, Inc.*, 660 F.3d at 355 (explaining that it a prior decision, the Eighth Circuit concluded that a "plaintiff failed to prove the existence of an enterprise that extended beyond the minimal association surrounding the pattern of racketeering activity" where activities of the other members of the group were not in furtherance of the common or shared purpose of the enterprise") (cleaned up)). The Eighth Circuit has also favorably cited the Seventh Circuit's decision in *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 399-400 (7th Cir. 2009), for the proposition that a "complaint that named different actors for different events and did not indicate how those different actors were associated did not 'suggest a group of persons acting together for a common purpose or course of conduct' as required to state a RICO claim." *See Crest Const. II, Inc.*, 660 F.3d at 355.

Plaintiffs' Complaint never once even attempts to identify "who, what, where, when, and how" Scott and the other defendants constituted an enterprise within the meaning of RICO. *Costner*, 317 F.3d at 888. It is altogether unclear from the Complaint what—if any—common purpose these defendants shared in particular. Even if "much about the RICO statute is not clear, it is very clear that those who are . . . associates of a criminal enterprise must share a common purpose." *Craig Outdoor*

8

*Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1026 (8th Cir. 2008) (internal quotations and citation omitted). And it is even less clear how *Scott* allegedly shared in such a common purpose with these other defendants.

Indeed, and apart from generally setting forth where they are domiciled and licensed to do business, the Complaint does not explain how these 24 other categories of defendants have anything of substance to do with this case. The closest the Complaint comes is the conclusory and threadbare assertion that "Defendants associated for the common purpose of diverting funds from Banyan through undisclosed and unauthorized transfers to Scott and his business entities during Scott's tenure at Banyan." Filing No. 1 at ¶81. But this assertion actually *undermines* their position in favor of an enterprise precisely because "an enterprise cannot simply be the undertaking of the acts of racketeering, neither can it be the minimal association which surrounds these acts." *Stephens, Inc. v. Geldermann, Inc.*, 962 F.2d 808, 815 (8th Cir. 1992). If the only common factor that links a group together and defines them as a distinct group is their direct or indirect participation in the very predicate acts that are being alleged as part of the RICO claim, then there is no enterprise.[4] Conclusory as it may be, that is the only common purpose that has been alleged here—and it is fatal to Plaintiffs' RICO claims.

2. *Plaintiffs Fail to Plausibly Plead Scott's Association with an Enterprise*

In a similar vein, Plaintiffs also fail to plausibly plead facts showing how Scott was allegedly associated with a qualifying RICO enterprise. The Complaint is devoid

---

[4] *See id.* at 815–16 ("This group, however, had no structure independent of the alleged racketeering activity. The only common factor that linked all these parties together and defined them as a distinct group was their direct or indirect participation in Markle's scheme to defraud Stephens.")

of any factual allegations specifically tying Scott to any one of these defendants. *See* Filing No. 1 at ¶¶12–35; 81, 87–88. In a pure conclusory statement, Plaintiffs allege that "Defendants participated in conducting their enterprise by operating or managing the enterprise's affairs through a pattern of racketeering activity" and then cite back to paragraphs 60–79 of their own Complaint in support. Filing No. 1 at ¶82.

But not a single one of those paragraphs Plaintiffs cite includes *any* mention or even tangential reference to a defendant (or anyone else alleged to be involved in a RICO enterprise for that matter) other than Scott. *See* Filing No. 1 at ¶¶60–79. The Plaintiffs may have alleged general wrongdoing on the part of Scott in their Complaint, but they have fundamentally failed to sufficiently plead factual content giving rise to a plausible conclusion that Scott was associated with anything that would qualify as a RICO enterprise. It bears repeating that the only time any of the other 24 categories of defendants are mentioned in the Complaint are in the jurisdictional recitals at the very front end (Filing No. 1 at ¶¶12–35), and in conclusory assertions lacking in any actual factual content at the backend under the caption "Causes of Action" (Filing No. 1 at ¶¶81, 87, 88). There is simply nothing in the Complaint that plausibly pleads Scott's involvement in a RICO enterprise— certainly not with particularity.

3. *Plaintiffs Fail to Plausibly Plead Predicate Acts with Particularity*

The third failure in Plaintiffs' Complaint is grounded in Rule 9(b)'s requirement that the predicate RICO acts complained of must be pleaded with particularity. In paragraphs 83 of their Complaint, Plaintiffs allege the following seven predicate acts:

(1) Mail Fraud, (2) Bank Fraud, (3) Wire Fraud, (4) Money Laundering, (5) Embezzlement, (6) Forgery, and (7) Theft. *See* Filing No. 1 at ¶83. As before, however, Plaintiffs cite back to paragraphs 60–79 of their Complaint in support of each of these assertions. *Id.* These are the same paragraphs of the Complaint that contain no mention of any defendant other than Scott. Accordingly, Paragraph 83 fails to incorporate by reference any factual content that would support Plaintiffs' assertions against a group of individuals or entities being involved in the alleged predicate acts rather than just Scott acting on his own. That, in and of itself, is a significant problem from a RICO perspective.

But the Complaint suffers from another deficiency on this front as well—the predicate acts that have been alleged are not pleaded "with particularity" as required by Rule 9(b) of the Federal Rules of Civil Procedure. As the Eighth Circuit has explained, pleading with particularity means that Plaintiffs must identify the "who, what, where, when, and how" with respect to the predicate acts that have been alleged. *Costner*, 317 F.3d at 888. While the Complaint might assert generalized claims of mail fraud, bank fraud, wire fraud, money laundering, embezzlement, forgery, and theft, it does not allege with particularity which defendants in particular (*i.e.*, "who") was in involved in those predicate acts. Nor does it allege "when" in particular these acts occurred, or "how" many of these acts are said to have occurred apart from broad generalizations inherent to all claims of such a nature. For each of these reasons, Plaintiffs have failed to sufficiently plead RICO predicate acts as required to go forward on their claims.

11

4. *Plaintiffs Fail to Plausibly Plead a Pattern of Racketeering Activity*

The fourth deficiency with Plaintiffs' claim is its failure to plausibly plead a pattern of racketeering activity. "If the pattern requirement has any force whatsoever, it is to prevent this type of ordinary commercial fraud from being transformed into a federal RICO claim. If we were to recognize a RICO claim based on the narrow fraud alleged here, the pattern requirement would be rendered meaningless." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 685 (4th Cir. 1989) (cited with approval by the Eighth Circuit in *Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991)). Once again, Plaintiffs have failed to establish how any defendant or other individual—apart from Scott—was in anyway involved in the alleged wrongdoing.

Plaintiffs' threadbare assertion that "[t]he racketeering activity conduct by Defendants constituted a pattern by including at least two predicate acts within a ten-year period" (Filing No. 1 at ¶84) is wholly insufficient to satisfy the requisite pleading standards. *Cf. Dewitt Ins., Inc. v. Horton,* No. 4:13-CV-2585 JAR, 2014 U.S. Dist. LEXIS 72384, at *18 (E.D. Mo. May 28, 2014) ("Although showing two predicate acts is the only statutory requirement, case law establishes that this is not sufficient to prove a 'pattern'-the plaintiff also must demonstrate that the 'predicates are related, and that they amount to or pose a threat of continued criminal activity.'") (citing cases). Generally referring to the defendants collectively without providing any factual detail regarding "which" defendant in particular did "what" is perhaps the biggest tell. The Eighth Circuit has previously faulted RICO complaints for "suggest[ing] that at indefinite times, in nondescript ways, and for unidentified

12

purposes, some, but not all [d]efendants" engaged in a fraudulent scheme. *See Crest Const. II, Inc.*, 660 F.3d at 356. That is precisely what we have here with this Complaint.

### 5. *Plaintiffs' Conspiracy Claim in Count II Fails for All of the Same Reasons*

Plaintiffs' RICO Conspiracy claim in Count II is even more perfunctory, threadbare, and conclusory than its substantive RICO claim in Count I, and therefore fails for all of the same reasons articulated above. *See UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1057 (8th Cir. 2024) ("To successfully allege conspiracy to violate RICO under 18 U.S.C. § 1962(d), [a plaintiff] must first 'prove the elements of a RICO violation.'"); *see also Zamora v. Fit Int'l Grp. Corp.*, 834 F. App'x 622, 626 (2d Cir. 2020) ("Plaintiffs' failure to state a claim for a substantive RICO violation is fatal to their RICO conspiracy claim under § 1962(d), given that Plaintiffs rely on the same factual predicate to plead both the substantive RICO violation and the conspiracy claim against JPMorgan."); *Black v. Ganieva*, 619 F. Supp. 3d 309, 348 (S.D.N.Y.) (reasoning that because the plaintiff's "RICO conspiracy allegations, as pled, are entirely derivative of its allegations of a substantive RICO violation" the plaintiff failed to plead a RICO conspiracy claim for the same reasons that it failed to plead a substantive RICO violation).

Separate and apart from this, however, the RICO conspiracy claim also fails because a conspiracy claim, by its very nature, necessarily requires an agreement between Scott and at least one other person. RICO conspiracy claims are no exception. *See ESPOT, Inc. v. MyVue Media, LLC,* 492 F. Supp. 3d 672, 697-698 (E.D. Tex. 2020)

13

("To prove a RICO conspiracy, the [plaintiff] must establish (1) that two or more people agreed to commit a substantive RICO offense and (2) that defendant knew of and agreed to the overall objective of the RICO offense.") (quoting *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005)). In sum, Plaintiffs have failed to sufficiently plead facts plausibly establishing any involvement—much less an agreement—between Scott and anyone else with respect to the acts that are complained of in this action. Accordingly, Plaintiffs' RICO conspiracy claim in Count II also fails.

## IV.   CONCLUSION

For the reasons set forth in this Brief and Scott's underlying Motion to Dismiss, Scott respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint Filing No. 1, in accordance with to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated this 20th day of April, 2026.

> Ryan Scott,
> Defendant
>
> */s/ Ryan S. Crnkovich*
> Ryan S. Crnkovich, NE Bar #25741
> Dornan, Howard, Breitkreutz,
> Dahlquist & Klein PC, LLO
> 1403 Farnam Street, Suite 232
> Omaha, Nebraska 68102
> (402) 884-7044 (phone)
> (402) 884-7045 (fax)
> Attorney for Defendant

14

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I hereby affirm that the foregoing brief complies with the requirements of NECivR 7.1(d)(4) because it consists of 3,856 words.

*/s/ Ryan S. Crnkovich*
Ryan S. Crnkovich

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026 I have caused the foregoing document to be filed with the Clerk of the District Court and all counsel of record using the CM/ECF system.

*/s/ Ryan S. Crnkovich*
Ryan S. Crnkovich

15