IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| ANTHONY S. BUDA, individually, BANYAN MEDICAL SYSTEMS, LLC, a Nebraska limited liability company, BANYAN HOLDCO I, INC., a Nebraska corporation, BANYAN HOLDCO II, INC., a Nebraska corporation, BANYAN MEDICAL SERVICES, INC., a Nebraska corporation, BANYAN MEDICAL SOLUTIONS, LLC, a Nebraska limited liability company, BANYAN CAPITAL I, LLC, a Nebraska limited liability company, BANYAN CAPITAL II, LLC, a Nebraska limited liability company, SYNCONIUM, LLC, a Delaware limited liability company, BANYAN PLACEHOLDER, INC., f/k/a BANYAN MEDICAL SOLUTIONS, INC., a Nebraska Corporation, and BMS AVIATION, LLC, a Delaware Corporation | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 8:26–CV–99 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **DEFENDANT RYAN SCOTT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR IMMEDIATE ORDER OF ATTACHMENT** |
| RYAN SCOTT, individually, RES VENTURES, SEZC, an entity organized under the laws of the Cayman Islands, OCT VENTURES, LLC, d/b/a/ ELEVATE HOLDINGS, a Nebraska limited liability company, RMR CAPITAL ADVISORS, LLC, a Nebraska limited liability company, QV FUND I, LLC, a Nebraska limited liability company, ELEVATE RECOVERY AND MED SPA, LLC, a Nebraska limited liability company, ELEVATE STRETCH AND CYRO, LLC, a Nebraska limited liability | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

company, JIGSAW CAPITAL, LLC, a )
Nebraska limited liability company, )
JIGSAW RED HOLDINGS, LLC, a )
Nebraska limited liability company, )
JRNR LLC, a Nebraska limited )
liability company, GREENTOPS, LLC, )
a Missouri limited liability company, )
GREENSTONE INVESTMENTS, LLC, )
a Nebraska limited liability company, )
INLINE CAPITAL PARTNERS, LLC, )
a Nebraska limited liability company, )
SFFS MASTER HOLDINGS, LLC, a )
Nebraska limited  liability company, )
MVPA, LLC, a Nebraska  limited )
liability company, MED VENTURES, )
LLC, a Nebraska limited liability )
company, IA NE CONCRETE PULL N )
POUR LLC, a Nebraska limited )
liability company, CATALYSTWAVE )
CAPITAL PARTNERS, LLC, a )
Nebraska limited liability company, )
CATALYST GROWTH PARTNERS, )
LLC, a Nebraska limited liability )
company, PRIMEPATH TRUCKING )
AND LOGISTICS, LLC, a Nebraska )
limited liability company, )
QUANTUM VENTURES, LLC, a )
Nebraska  limited liability company, )
PRIVADO, LLC, a Nebraska limited )
liability company, ALPINE DRONES )
MEDIA, LLC, an Idaho limited )
liability company, )
)
and, )
PRESENTLY UNKNOWN )
JANE/JOHN DOES 1-25 )
)
　　　　　Defendants. )
)
)

2

## I.    INTRODUCTION

Defendant Ryan Scott ("Scott") respectfully submits the following brief in opposition to Plaintiffs' Motion for Immediate Order of Attachment (Filing No. 8). Based upon their submissions, Plaintiffs are requesting that this Court attach any and all real property owned by Scott as well as any and all funds currently in the possession of Scott.[1] For the reasons explained in this brief, Scott asks that this Court deny Plaintiffs the relief they seek, or—at a minimum—hold this matter in abeyance pending resolution of the Motion to Dismiss that Scott previously filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Filing Nos. 14 and 15. Doing so is appropriate for at least two reasons. First, in order for this Court to order attachment, it must be satisfied that Plaintiffs' Complaint states a valid cause of action. That matter is at issue for the reasons set forth in Scott's presently pending Motion to Dismiss. Second, and relatedly, if Scott is correct and Plaintiffs have failed to plead cognizable claims, then there is no continued basis for this Court's involvement. That is especially true given that the only authorization for this Court to exercise jurisdiction is federal question jurisdiction. *See Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction."). In that scenario, Plaintiffs' Motion for Immediate Order of Attachment resolves itself as moot. If, however, this Court does decide to proceed to the merits of Plaintiffs' Motion for Immediate Order of Attachment at this time, Scott asks that this Honorable Court deny the overly broad and non-specific relief that they seek.

---

[1] Plaintiffs seek relief with respect to "all" Defendants but, at least to Scott's understanding, no other defendant other than him has been served with the Complaint at this stage.

3

## II.    BACKGROUND

The parties to this case are no strangers to litigation amongst themselves. Various combinations of them have been mired in multiple state court actions. *See generally* Filing No. 33 at Exhibits B, C, D, and E. This is just the first time that the matter has made its way to federal court. Forum differences aside, the general spirit of the claims against Scott remain pretty much the same: a Banyan-related entity alleges that Scott committed some species of fraudulent activity. *See generally* Filing No. 1; Filing No., Exhibit D.  By way of example, two of the very same attachments that Banyan Medical Systems, LLC, included with its counterclaim complaint against Scott in the District Court of Douglas County, Nebraska, on January 20, 2026, are copy-and-pasted directly into the body of the Complaint that has been filed in this federal case. *Compare* Filing No. 33 Exhibit D at 17–18 *with* Filing No. 1 at 16, 18.[2] Notwithstanding the multiple state court actions involving some combination of these Plaintiffs and Scott and the common predicate facts they are alleged to arise out of, Plaintiffs have decided to ask *this* Court to impose the state-specific preliminary remedy of issuing an immediate order of attachment. Thus, it would appear that Banyan Medical Systems, LLC, is currently seeking the state-specific remedy of attachment from a federal court, but has not sought it from the state court as part of the counterclaim it filed against Scott in the concurrent litigation that is presently pending in Douglas County District Court Case No. CI 25–25-9319.

---

[2] That counterclaim brought by Banyan Medical Systems, LLC, alleges the following causes of action against Scott: tortious interference with business relationships, fraud, unjust enrichment, breach of fiduciary duty, and conversion. (Filing No. 33 at Exhibit D). The counterclaim also requests an accounting and the imposition of a constructive trust against Scott. (Filing No. 33 at Exhibit D).

4

## III.   DISCUSSION

### A. Preliminary Considerations

Plaintiffs' basis for seeking attachment is grounded exclusively in state law. *See* Filing No. 9 at 4 ("Pursuant to Rule 64, a federal court may apply state-law remedies to seize a party's property at the commencement of an action in order to secure satisfaction of a potential judgment."). While it is true that some federal statutes permit attachment in certain situations, *see e.g.*, 28 U.S.C. § 3102, Plaintiffs do not claim that those federal statutes have any application here. *See generally* Filing No. 9; Filing No. 10. Thus, Plaintiffs are seeking a preliminary state-court remedy as a stopgap on their federal Racketeer-Influenced and Corrupt Organizations Act ("RICO") suit. If their RICO claims fail for the reasons that Scott says they should in his Motion to Dismiss, then it stands to reason that Plaintiffs can seek this state court remedy upon a proper state law cause of action in state court. As alluded to previously, there are no shortage of active state court dockets involving these parties from which one could choose from.  Scott respectfully requests that this Honorable Court proceed with a degree of caution and begin by first determining whether this case has been properly brought in federal court at all. This Court should only endeavor to address the thorny issue of attachment if it concludes that Plaintiffs have stated cognizable claims.

### B. This Court Should Rule on Scott's Rule 12(b)(6) Motion to Dismiss Before Taking Up the Motion for Immediate Order of Attachment

As Plaintiffs correctly point out in their brief, one of the threshold requirements a movant seeking attachment must show pursuant to Neb. Rev. Stat. § 25–1002, is

5

that the facts set forth in the Plaintiffs' Complaint state a valid cause of action. (Filing No. 10 at 10). Yet, that very issue is disputed by Scott and is the subject of his Rule 12(b)(6) Motion to Dismiss that is currently pending. (Filing Nos. 14; 15). Specifically, Scott contends that dismissal pursuant to Rule 12(b)(6) is proper because both of the RICO claims Plaintiffs have brought in their Complaint "fail to plausibly plead cognizable causes of action—especially under the heightened pleading standard required for such claims by Rule 9(b) of the Federal Rules of Civil Procedure." (Filing No. 14 at 2).  This Court, therefore, cannot rule on Plaintiffs' Motion for Immediate Order of Attachment without necessarily ruling on Scott's Rule 12(b)(6) Motion first.

There are also sound prudential reasons for first ruling on Scotts' Motion to Dismiss before considering Plaintiffs' Motion for Immediate Order of Attachment. Plaintiffs' Complaint hinges on federal question jurisdiction—not diversity of citizenship jurisdiction. If Scott is correct and Plaintiffs' Complaint fails to state cognizable RICO claims, then there is no basis for this Court to continue exercising jurisdiction over this case and the Motion for Immediate Order of Attachment resolves itself as moot. *See Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) ("[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."). If for no other reason than as a matter of judicial economy, it makes sense to hold Plaintiffs' Motion for Immediate Order of Attachment in abeyance pending the Court's ruling on Scott's Rule 12(b)(6) Motion to Dismiss. If Scott is correct, then there is no need for this Court to address Plaintiffs'

6

Motion for Immediate Order of Attachment at all. *Cf. Mo. ex rel. Nixon v. Prudential Health Care Plan,* 259 F.3d 949, 954-55 (8th Cir. 2001) (noting that "federal appellate courts resist deciding issues that may be mooted by subsequent events"). Assuming Scott is right that Plaintiffs' have failed to allege viable RICO claims from a 12(b)(6) perspective, then it follows that Plaintiffs have no basis to seek a preliminary remedy for such claims in this forum. It would make little sense for this Court to expend judicial resources on a preliminary order only to potentially undo that Order if the Court ultimately agrees with Scott that there is no basis for the parties to be in federal court on such insufficient RICO claims in the first place. Scott therefore asks that this Court defer ruling on Plaintiffs' Motion for Immediate Order of Attachment and hold this matter in abeyance pending resolution of his Rule 12(b)(6) Motion.

### C.  The Relief Plaintiffs Seek is Far Too Broad

While Scott maintains that ruling on the substance of Plaintiffs' Motion for Immediate Order of Attachment would be premature for all of the reasons previously discussed, in the event this Court were to disagree, Scott respectfully requests that it deny the relief they seek.  Plaintiffs cite the case of *Edelstein v. Optimus Corp.*, No. 8:10CV61, 2011 U.S. Dist. LEXIS 120625 (D. Neb. Oct. 13, 2011), as an example where a "court ordered prejudgment attachment against the property at issue in the dispute." (Filing No. 10 at 12). But *Edelstein* concerned a limited order of attachment that only proscribed the sale or transfer of very specific artwork. *See id.* at *12. Here, however, Plaintiffs are seeking attachment over quite literally anything Scott owns or possesses with neither caveat nor concession. *See* Filing No. 10 at 17–18. This is

7

drastically overbroad. Indeed, Neb. Rev. Stat. § 25-1004 recognizes that certain property may be "exempt by law" from an order of attachment under Nebraska law. Scott further requests that if this Court is inclined to consider the merits of Plaintiffs' Motion at this time, that it not issue any order with respect to this matter until such time as a hearing may be had.

## IV.    CONCLUSION

For the reasons set forth in this Brief, Scott respectfully requests that this Honorable Court deny the relief Plaintiffs seek in their Motion for Immediate Order of Attachment, or—at the very least—hold this matter in abeyance pending resolution on Scott's Rule 12(b)(6) Motion to Dismiss.

Dated this 6th day of May, 2026.

> Ryan Scott,
> Defendant
>
> */s/ Ryan S. Crnkovich*
> Ryan S. Crnkovich, NE Bar #25741
> Dornan, Howard, Breitkreutz,
> Dahlquist & Klein PC, LLO
> 1403 Farnam Street, Suite 232
> Omaha, Nebraska 68102
> (402) 884-7044 (phone)
> (402) 884-7045 (fax)
> Attorney for Defendant

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I hereby affirm that the foregoing brief complies with the requirements of NECivR 7.1(d)(4) because it consists of 2,142 words.

*/s/ Ryan S. Crnkovich*
Ryan S. Crnkovich

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, I caused the foregoing document to be filed with the Clerk of the District Court and all counsel of record using the CM/ECF system.

*/s/ Ryan S. Crnkovich*
Ryan S. Crnkovich