IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY S. BUDA, individually, | ) | CASE NO.: 8:26-CV-99 |
| BANYAN MEDICAL SYSTEMS, LLC, a | ) | |
| Nebraska limited liability company, | ) | |
| BANYAN HOLDCO I, INC., a Nebraska | ) | |
| corporation, BANYAN HOLDCO II, INC., a | ) | |
| Nebraska corporation, BANYAN MEDICAL | ) | |
| SERVICES, INC., a Nebraska corporation, | ) | |
| BANYAN MEDICAL SOLUTIONS, LLC, a | ) | |
| Nebraska limited liability company, | ) | |
| BANYAN CAPITAL I, LLC, a Nebraska | ) | |
| limited liability company, BANYAN | ) | |
| CAPITAL II, LLC, a Nebraska limited | ) | |
| liability company, SYNCONIUM, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| BANYAN PLACEHOLDER, INC., f/k/a | ) | |
| BANYAN MEDICAL SOLUTIONS, INC., a | ) | |
| Nebraska Corporation, and BMS | ) | |
| AVIATION, LLC, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | BRIEF IN SUPPORT OF |
| | ) | MOTION TO DISMISS |
| | | |
| OCT Ventures, L.L.C., d/b/a ELEVATE | ) | |
| RECOVERY AND MED SPA, L.L.C., a | ) | |
| Nebraska limited liability company, | ) | |
| ELEVATE STRETCH AND CRYO, L.L.C., a | ) | |
| Nebraska limited liability company, | ) | |
| JIGSAW CAPITAL, L.L.C., a Nebraska | ) | |
| limited liability company, JIGSAW RED | ) | |
| HOLDINGS, L.L.C., a Nebraska limited | ) | |
| liability company, SFFS MASTER | ) | |
| HOLDINGS, L.L.C., a Nebraska limited | ) | |
| liability company, MVPA, L.L.C., a | ) | |
| Nebraska limited liability company, MED | ) | |

VENTURES, L.L.C., a Nebraska limited )
liability company, CATALYST WAVE )
CAPITAL PARTNERS, L.L.C., a Nebraska )
limited liability company, CATALYST )
GROWTH PARTNERS, L.L.C., a Nebraska )
limited liability company, )

Defendants.

Defendants OCT Ventures, L.L.C., d/b/a Elevate Holdings, Elevate Recovery and Med Spa, L.L.C., Elevate Stretch and Cryo, L.L.C., Jigsaw Capital, L.L.C., Jigsaw Red Holdings, L.L.C., SFFS Master Holdings, L.L.C., MVPA, L.L.C., Med Ventures, L.L.C., Catalystwave Capital Partners, L.L.C., and Catalyst Growth Partners, L.L.C. (collectively, the "Moving Defendants") respectfully submit this Brief in Support of their Motion to Dismiss Plaintiffs' Complaint, Filing No. 1. Plaintiffs bring two RICO counts, a substantive claim under 18 U.S.C. § 1962(c) and a conspiracy claim under 18 U.S.C. § 1962(d), against twenty-five categories of Defendants, seeking a collective, joint-and-several judgments of no less than $73.9 million. Yet of the Complaint's ninety numbered paragraphs, only forty (see Plaintiff's filing 1 ¶¶ 39–79) contain any factual narrative at all, and every one of those forty paragraphs describes the conduct of a single person, Defendant Ryan Scott. Not one factual allegation in that narrative mentions, let alone describes any act by any of the ten Moving Defendants.

This is not a case where the Moving Defendants are mentioned in passing or imperfectly described. They are not mentioned anywhere else in the Complaint. Aside from the jurisdictional allegations, which merely identify each entity's state of

organization and principal place of business, the Moving Defendants appear only in a handful of conclusory, group-pleaded allegations contained in the Causes of Action. There, Plaintiffs indiscriminately lump the Moving Defendants together with Scott and fifteen other unrelated entities, without alleging any facts identifying which Defendant supposedly engaged in what conduct, when the conduct occurred, or how any particular entity participated in the alleged scheme. (See Filing No. 1 ¶¶ 14, 17–20, 25–27, 29–30, 81, 87.)

## II.   BACKGROUND

According to the Complaint, Plaintiff Banyan Medical Systems, LLC ("Banyan") is a privately held healthcare technology and virtual nursing company headquartered in Omaha, Nebraska, founded by Plaintiff Anthony Buda. (see Filing No. 1 ¶¶ 39–40). Defendant, Ryan Scott, is alleged to have served in various executive roles at Banyan, including Chief Financial Officer, general counsel, and acting Chief Executive Officer, including during a period when Buda was not involved in Banyan's day-to-day operations. (Id. ¶¶ ,54–58.) The Complaint alleges, in extensive and specific detail, that Scott used his executive access to misappropriate no less than $37,000,000 from Banyan over a period of years, including by opening unauthorized bank accounts, forging Buda's signature stamp on financing documents, and fabricating contracts with Banyan's hospital clients. (Id. ¶¶ 60–79).

Every one of these factual allegations concerns Scott individually. None of them mentions, references, or in any way implicates any of the Moving Defendants. The only paragraphs of the Complaint that reference the Moving Defendants are

modeled in the chart Scott previously submitted, illustrates this point.

| Moving Defendant | Paragraphs of the Complaint Referencing this Defendant |
|---|---|
| OCT Ventures, LLC d/b/a Elevate Holdings | ¶14, 81, 87 |
| Elevate Recovery and Med Spa, LLC | ¶¶ 17, 81, 87 |
| Elevate Stretch and Cyro, LLC | ¶¶ 18, 81, 87 |
| Jigsaw Capital, LLC | ¶¶ 19, 81, 87 |
| Jigsaw Red Holdings, LLC | ¶¶ 20, 81, 87 |
| SFFS Master Holdings, LLC | ¶¶ 25, 81, 87 |
| MVPA, LLC | ¶¶ 26, 81, 87 |
| Med Ventures, LLC | ¶¶ 27, 81, 87 |
| Catalystwave Capital Partners, LLC | ¶¶ 29, 81, 87 |
| Catalyst Growth Partners, LLC | ¶¶ 30, 81, 87 |

As the chart reflects, every reference to every Moving Defendant is either a bare jurisdictional recital of the entity's state of formation and business address (see Filing 1 ¶¶ 14, 17–20, 25–27, 29–30), or a conclusory, undifferentiated group listing at the back of the Complaint that names all twenty-five Defendants together without describing what any individual entity supposedly did (see Filing No. 1¶¶ 81, 87). Paragraph 81 alleges only that "[d]efendants associated for the common purpose of diverting funds from Banyan through undisclosed and unauthorized transfers to Scott and his business entities during Scott's tenure at Banyan." (See Filing No. 1 ¶ 81.) Paragraph 87 simply repeats the same list of names in connection with the conspiracy count. (*Id.* ¶ 87). Neither paragraph, nor any other paragraph in the Complaint, alleges that any Moving Defendant received any diverted funds, executed any document, communicated with any bank or client, or took any action of any kind.

Plaintiffs' Brief in Opposition to Scott's Motion to Dismiss (see Filing No. 39) confirms as much. In defending the sufficiency of the Complaint, Plaintiffs do not point to any factual allegation describing conduct by any Moving Defendant. Instead, Plaintiffs rely on paragraph 81's reference to "Scott and his business entities," (*See* Filing No. 39 at 8–9), and on a footnote asserting that, "[a]ccording to publicly available records," Scott is the registered agent for, or shares an office address with, certain of the entity Defendants.  (Id. at 11 n.1.) That footnote does not cite the Complaint; it cites facts entirely outside the four corners of the pleading. Notably, in that same footnote, Plaintiffs twice describe the entity Defendants, which include each of the Moving Defendants, as "Nominal Defendants." (*See* Filing No. 39 at 11 n.1.) Plaintiffs' own chosen label for the Moving Defendants is difficult to reconcile with their theory that those same entities knowingly participated in a RICO enterprise.

### III.    STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *(quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Because the only claims in this case are RICO claims, the Complaint is also subject to Rule 9(b)'s heightened pleading standard as to the fraud-based predicate acts. See *Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011) ("A RICO claim must be pleaded with

particularity under Rule 9(b)"); *Brunken v. Parish*, No. 8:22-CV-227, 2022 WL 17335976, at *6 (D. Neb. Nov. 22, 2022) (dismissing civil RICO claim where allegations were conclusory and failed to "plead the who, what, when, where, and how") (quoting *Crest Constr. II, Inc.*, 660 F.3d at 353).

To establish a RICO violation, a Plaintiff must plead facts showing "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity.*" Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003). "Failure to present sufficient evidence on any one element of a RICO claim means the entire claim fails." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008). RICO, moreover, "does not cover all instances of wrongdoing"; To go forward on their RICO conspiracy, claim in Count II, Plaintiffs "must not only prove the elements of a RICO violation but also that the Moving Defendants 'objectively manifested an agreement to participate . . . in the affairs of [the] enterprise." *Rosemann v. St. Louis Bank*, 858 F.3d 488, 500 (8th Cir. 2017).

## IV.    ARGUMENT

### A.    Plaintiffs Fail to Plead the Existence of a RICO Enterprise Encompassing the Moving Defendants.

To establish a RICO enterprise, a plaintiff must plead facts showing "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an

ascertainable structure distinct from the conduct of a pattern of racketeering." *United States v. Lee*, 374 F.3d 637, 647 (8th Cir. 2004). "Proving the existence of an enterprise requires evidence of an ongoing organization, formal or informal, and . . . evidence that the various associates function as a continuing unit." *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1026 (8th Cir. 2008). While the Supreme Court has held that the evidentiary bar for proving an association-in-fact enterprise is low, *Boyle v. United States*, 556 U.S. 938, 947–48 (2009), a low bar is not the absence of any bar. A Plaintiff must still plead facts, not labels, supporting each of these three elements.

The Complaint's only enterprise allegation referencing the Moving Defendants appears in a single sentence in paragraph 81: "Defendants associated for the common purpose of diverting funds from Banyan through undisclosed and unauthorized transfers to Scott and his business entities during Scott's tenure at Banyan." (See Filing No. 1 ¶ 81.) Even this allegation identifies a purpose attributable to Scott, receiving diverted funds through his business entities, not a purpose independently shared by the ten Moving Defendants.

Nowhere does the Complaint allege that the Defendants communicated with one another, transacted with one another, coordinated their activities, or otherwise functioned as a continuing unit. Instead, the Complaint alleges only each entity's state of formation and business address. (See Filing No. 1 ¶¶ 14, 17–20, 25–27, 29–30.) Absent are any factual allegations identifying the "who, what, when, where, and how" of the alleged enterprise, who associated with whom, what role each Defendant

played, when or how the enterprise was formed, or how the entities functioned together to pursue a common purpose.

Plaintiffs cannot plausibly plead a RICO enterprise by simply listing ten unrelated limited liability companies and collectively referring to them as "Scott's business entities." A RICO enterprise is not established by labels or the mere identification of entities. Rather, Plaintiffs must allege facts demonstrating that the entities shared a common purpose, possessed an organizational structure, and functioned as a continuing unit. The Complaint does none of those things. It does not plead an enterprise; it merely provides a list of entities and asks the Court to infer the existence of one.

Once the Complaint's conclusory references to racketeering are set aside, which, notably, do not attribute any racketeering conduct to the Moving Defendants, the allegations concerning those entities are reduced to little more than their names, states of formation, and business addresses. The Complaint alleges no facts describing what any Moving Defendant does, has done, or exists to do; no facts showing how the entities functioned together as a continuing unit; and no facts establishing an organizational structure or common purpose independent of the alleged predicate acts. Without such allegations, Plaintiffs have failed to plead the existence of a RICO enterprise.

**B.      Plaintiffs Fail to Plausibly Plead That Any Moving Defendant Was Associated with the Alleged Enterprise.**

Even if the Complaint plausibly pleaded the existence of an enterprise, a

plaintiff must separately plead that each defendant was "associated with" that enterprise. *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003). The Complaint's only allegation connecting the Moving Defendants to Scott, or to one another, is paragraph 81's "Causes of Actions" assertion that funds were diverted "to Scott and his business entities." (See Filing No. 1 ¶ 81). This phrase does not identify which entities are supposedly "his business entities," whether any Moving Defendant received any diverted funds, or how any Moving Defendant came to be associated with Scott, with Banyan, or with the alleged scheme.

Plaintiffs' own characterization of the Moving Defendants confirms the absence of any meaningful association. In their opposition brief, Plaintiffs twice refer to the entity Defendants, including each of the Moving Defendants, as "Nominal Defendants." (Filing No. 39 at 11 n.1.) A nominal party is, by definition, one with "no interest in the subject matter litigated," whose "relation to the suit is merely incidental." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (quoting *Bacon v. Rives*, 106 U.S. 99, 104 (1882)); accord *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (describing a nominal party as one "against whom no real relief is sought"); see also *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 543–44 (8th Cir. 2015) (using "nominal" and "unnecessary" interchangeably).

Plaintiffs cannot have it both ways. They cannot characterize the Moving Defendants as nominal entities with no meaningful interest in the controversy while simultaneously asking the Court to infer that those same entities knowingly associated together as members of a criminal RICO enterprise. Those positions are

fundamentally incompatible. Plaintiffs' own description of the Moving Defendants underscores what the Complaint itself fails to allege: that the entities shared a common purpose, functioned as a continuing unit, or knowingly participated in an enterprise. Far from supporting the association element, Plaintiffs' chosen label confirms its absence.

**C.      Plaintiffs Fail to Plausibly Plead Predicate Acts, and Three of the Seven Alleged Predicate Acts Fail as a Matter of Law**

As with their enterprise allegations, Plaintiffs attempt to support their predicate act allegations by incorporating paragraphs 60 through 79 of the Complaint. (See Filing No. 1 ¶ 83.) That effort fails because those paragraphs concern only Scott's alleged conduct. They contain no factual allegations describing any conduct by any of the Moving Defendants. Consequently, Paragraph 83 incorporates no factual allegations establishing that any Moving Defendant committed, directed, or participated in any alleged predicate act. Instead, Plaintiffs simply assert, in conclusory fashion, that all Defendants engaged in racketeering activity without identifying which Defendant committed which act.

This pleading deficiency is independently fatal under Rule 9(b). Predicate acts sounding in fraud, including mail fraud, wire fraud, bank fraud, and money laundering, must be pleaded with particularity. *See Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003). Rule 9(b) requires Plaintiffs to plead the "who, what, when, where, and how" of the alleged fraud. *Id.* The Complaint does not come close to satisfying that standard. It fails to identify which Defendant

committed which predicate act, when any particular act occurred, what specific conduct constituted the alleged fraud, or how any Moving Defendant participated in the alleged scheme. Instead, Plaintiffs rely on impermissible group pleading and broad legal conclusions, leaving both the Court and the Moving Defendants to speculate as to the factual basis of the claims.

The deficiencies do not end there. Three of the seven alleged predicate acts fail as a matter of law because they are not among the offenses enumerated in 18 U.S.C. § 1961(1).

**Embezzlement under 18 U.S.C. § 641.** Plaintiffs allege embezzlement in violation of 18 U.S.C. § 641. (See Filing No. 1 ¶ 83(e).) Section 641 criminalizes the theft or conversion of money or property **belonging to the United States**. First, to pursue a case involving § 641, the Plaintiffs would have to be the United States government. Furthermore, it is not one of the predicate offenses identified in § 1961(1). Congress expressly included only two embezzlement statutes as RICO predicates, namely 18 U.S.C. § 664, which addresses embezzlement from employee benefit plans, and 29 U.S.C. § 501(c), which addresses embezzlement of union funds. Plaintiffs allege neither.

**Forgery.** Plaintiffs also identify forgery as a predicate act. (See Filing No. 1 ¶ 83(f).) Generic forgery is not an enumerated RICO predicate. The only forgery offense included in § 1961(1) is 18 U.S.C. § 1543, which criminalizes passport forgery. That statute has no application to the allegations in this case. Plaintiffs'

forgery allegation therefore fails as a matter of law.

**Theft.** Plaintiffs likewise allege theft as a predicate act. (See Filing No. 1 ¶ 83(g).) Generic theft is not an enumerated RICO predicate. Section 1961(1) includes only certain specifically identified theft offenses, such as theft from interstate shipments under 18 U.S.C. § 659, interstate transportation or receipt of stolen property under 18 U.S.C. §§ 2314 and 2315, and theft of trade secrets under 18 U.S.C. § 1832. Plaintiffs do not allege any of those offenses. Their generic theft allegation therefore cannot constitute a RICO predicate.

Because embezzlement under § 641, generic forgery, and generic theft are not "racketeering activity" within the meaning of § 1961(1), they cannot satisfy the predicate act requirement necessary to establish a pattern of racketeering activity. Those three alleged predicate acts should therefore be dismissed as a matter of law. That leaves only Plaintiffs' fraud-based theories of mail fraud, wire fraud, bank fraud, and money laundering. Those claims likewise fail because the Complaint relies on impermissible group pleading and does not satisfy Rule 9(b)'s heightened pleading requirements.

**D.    Plaintiffs Fail to Plead That Any Moving Defendant Conducted or Participated in the Operation or Management of the Alleged Enterprise.**

Section 1962(c) does not impose liability on every entity that is merely associated with, or a member of, a RICO enterprise. It imposes liability only on a "person employed by or associated with any enterprise . . . [who] conduct[s] or

participate[s], directly or indirectly, in the conduct of such enterprise's affairs." 18 U.S.C. § 1962(c). The Supreme Court has held that this language requires the defendant to have taken "some part in directing the enterprise's affairs"; it is not enough that the defendant assisted the enterprise or benefited from its activities. *Reves*, 507 U.S. *at 179.* (1993).  The Eighth Circuit has expressly incorporated this "operation or management" test into its civil RICO jurisprudence and has held that "one must participate in the operation or management of the enterprise itself to be subject to liability under section 1962(c)." *Nolte v. Pearson*, 994 F.2d 1311, 1317 (8th Cir. 1993).

The Complaint's own allegations illustrate the contrast. As to Scott, the Complaint alleges in detail how he served as acting Chief Executive Officer and Chief Financial Officer, had "full oversight and control over all key accounting decisions of the company," and was "running the day-to-day operations of Banyan." (*See* Filing No. 1 ¶¶ 55, 58.) Nothing remotely similar is alleged about the Moving Defendants. The Complaint does not allege that any Moving Defendant directed, managed, controlled, or even participated in any decision relating to Banyan, the alleged enterprise, or the alleged scheme.

But an entity that merely receives the fruits of another's fraud, or that is used by another as a vehicle for wrongdoing, does not thereby "operate or manage" the enterprise. The Supreme Court in *Reves* expressly declined to extend § 1962(c) liability to outsiders or passive participants who play no part in directing the enterprise's affairs. *Reves*, 507 U.S. at 179.

**E.**     **Plaintiffs Fail to Plead a Pattern of Racketeering Activity Attributable to Any Moving Defendant.**

A pattern of racketeering activity requires at least two predicate acts linked by "continuity plus relationship." *H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989).* But the "pattern" requirement is personal to each RICO defendant; a plaintiff must show that the particular defendant's own actions constitute a pattern of racketeering activity, not merely that some other co-defendant engaged in such a pattern. *Sinclair v Hawke*, 314 F.3d at 943 (2003) (requiring proof that "defendant's actions constitute a pattern of racketeering activity") (emphasis added). Because the Complaint does not attribute even a single predicate act to any Moving Defendant, it necessarily fails to allege a pattern of two or more predicate acts committed by any Moving Defendant.

The Eighth Circuit has rejected RICO complaints that merely "suggest that at indefinite times, in nondescript ways, and for unidentified purposes, some, but not all [d]efendants" engaged in a fraudulent scheme. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 356 (8th Cir. 2011). That is precisely what Plaintiffs have done here. The Complaint offers only vague, conclusory allegations untethered to any specific conduct by the Moving Defendants and leaves the Court to speculate as to who did what, when, how, and for what purpose.

**F.**     **Plaintiffs' RICO Conspiracy Claim Fails Because the Complaint Does Not Plausibly Allege That Any Moving Defendant Knowingly Agreed to Join a Conspiracy to Violate RICO.**

Count II fares no better. If anything, it highlights the fundamental

deficiencies in Plaintiffs' pleading. Rather than alleging facts establishing an agreement among the Moving Defendants, Plaintiffs simply recycle the same conclusory allegations from Count I and call it a conspiracy. Repeating deficient allegations under a different heading does not transform them into a plausible claim.

Because Plaintiffs have failed to plausibly allege the existence of a RICO enterprise, the Moving Defendants' participation in its affairs, or the commission of any predicate racketeering acts, the conspiracy claim necessarily fails as well. A plaintiff cannot state a claim under § 1962(d) without first pleading a viable substantive RICO violation. See *UMB Bank, N.A. v. Guerin,* 89 F.4th 1047, 1057 (8th Cir. 2024) ("To successfully allege conspiracy to violate RICO under 18 U.S.C. § 1962(d), [a plaintiff] must first 'prove the elements of a RICO violation.'"); see also *Zamora v. Fit Int'l Grp. Corp.*, 834 F. App'x 622, 626 (2d Cir. 2020) (holding that the failure to state a substantive RICO claim is fatal to a § 1962(d) conspiracy claim where both claims rely on the same factual predicate); *Black v. Ganieva*, 619 F. Supp. 3d 309, 348 (S.D.N.Y. 2022) (dismissing a RICO conspiracy claim because it was entirely derivative of the inadequately pleaded substantive RICO claim).

Even if the Court were to set those deficiencies aside, Count II independently fails because the Complaint does not allege facts plausibly showing that the Moving Defendants entered into an agreement with anyone. A RICO conspiracy, by definition, requires an agreement between at least two persons to pursue the enterprise's unlawful objective. *See ESPOT, Inc. v. MyVue Media, LLC*, 492 F.

Supp. 3d 672, 697–98 (E.D. Tex. 2020) ("To prove a RICO conspiracy, the plaintiff must establish (1) that two or more people agreed to commit a substantive RICO offense and (2) that the defendant knew of and agreed to the overall objective of the RICO offense." (quoting *United States v. Delgado*, 401 F.3d 290, 296 (5th Cir. 2005))).

The Complaint contains no factual allegations identifying when any agreement was formed, who the alleged participants were, what they agreed to accomplish, or how any of the Moving Defendants knowingly joined the alleged conspiracy. In short, Plaintiffs have failed to plausibly allege either a substantive RICO violation or an agreement to commit one. Because the Complaint pleads neither the underlying violation nor the essential element of agreement, Count II fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant their Motion to Dismiss and dismiss Plaintiff's Complaint Filing No. 1, in accordance with Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

DATED this 7th day of July 2026.

Respectfully submitted,
The Moving Defendants.

/s/ Renee L. Mathias
Renee L. Mathias, # 23040
SHAPIRO RIHA LAW, L.L.P.
1001 Farnam St., Third Floor
Omaha, NE  68102
(402) 341-0700
rmathias@theomahalawyers.com
*Lawyer for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the United States District Court for the District of Nebraska upon all counsel of record using the CM/ECF system on July 7th, 2026.

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I affirm that the foregoing brief complies with the requirements of NECivR 7.1(d)(4), because it consists of 4052 words.

/s/ Renee L Mathias
Renee L. Mathias, #23040